IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re: <br><br> SIMA BIRACH, JR. <br><br> Debtor <br><br> TOD CASTLEBERRY <br><br> Plaintiff, <br><br> v. <br><br> SIMA BIRACH, JR., <br><br> Defendant. | Case No. 11-13411-RGM |

**OBJECTION TO DISCHARGE AND COMPLAINT TO DETERMINE
DISCHARGEABLILTY OF DEBT**

COMES NOW the Plaintiff, Tod Castleberry, by counsel, James P. Hodges, Esquire, and files this Objection to Discharge and Complaint to Determine Dischargeability of Debt against Defendant, Sima Birach, Jr. ("Birach").

**FACTS**

1. Defendant, Sima Birach, Jr., is the Debtor in this Chapter 7 Action. The Action was filed in this Court on or about May 6, 2011.

2. Plaintiff is a creditor of Defendant Birach.

3. On or about January 26, 2010, Plaintiff filed an action in the Loudoun County Circuit Court against Defendant Birach, among others, stating causes of action for Breach of Contract and Fraud against Defendant (the "Fraud Action"). **Exhibit 1.**

4. The Fraud Action contained the following allegations against Defendant Birach:

a. On or about January 1, 2008, Defendant Birach recruited Plaintiff to leave his then current position to become the Chief Operating Officer of Twin Star Broadcasting. At that time, the parties executed an employment agreement under which Plaintiff would receive a base annual salary of $400,000.00 as well as other compensation and benefits for a term of three years (the "Agreement").

b. Plaintiff began his employment with Defendant Twin Star Broadcasting but, soon after, Defendant Twin Star Broadcasting stopped paying Plaintiff's salary. Despite not receiving the compensation called for under the Agreement, Plaintiff continued to work for Defendant Twin Star Broadcasting in reliance on the promises of Defendant Birach and that he would be paid all that was due under the Agreement, as well as additional consideration for his continued efforts on behalf of the Defendant Twin Star Broadcasting.

c. On or about February 11, 2009, Plaintiff and the Defendants reached an agreement to modify the Agreement through an addendum of that same date (the "Addendum"). Under the terms of the Addendum, the Agreement was modified to provide that Plaintiff's salary was increased to $600,000.00 per year for four years, his benefits were increased, and he was granted shares in Birach Broadcasting.

d. In the Addendum, Defendant Birach, on behalf of Defendant Twin Star Broadcasting, Defendant Twin Star Holdings, and Defendant Birach Broadcasting acknowledged, among other things, that 1) Defendant Twin Star Broadcasting was in default of its obligations under the Agreement, 2) that Plaintiff continued to devote his time and energy to Defendant Twin Star Broadcasting despite that company's default on its obligations, 3) that Defendant Twin Star Broadcasting

and Defendant Twin Star Holdings are the alter egos of Defendant Birach Broadcasting, 4) that Defendant Twin Star Broadcasting, Defendant Twin Star Holdings, and Defendant Birach Broadcasting all were entering into the Agreement for the purpose of employing Plaintiff and guaranteeing the obligations to Plaintiff under the Agreement, and 5) that Defendant Birach was an officer and director of each of the Defendants and, on that basis, had the authority to act on behalf of each of the Defendants.

e. Plaintiff entered into the Addendum and continued the performance of his duties in reliance on the promises and representations made in the Agreement as modified by the Addendum.

f. Despite Plaintiff's continued performance of his obligations under the Agreement as modified by the Addendum, and his attempts to continue such performance even after Defendants refused to permit him to perform such obligations, Defendants refused to pay Plaintiff the salary and benefits required under the Agreement as modified by the Addendum.

g. Upon information and belief, Defendant Birach Broadcasting has denied that Defendant Birach was an officer and director of that company and, on that basis, it contends that he did not have the authority to bind Birach Broadcasting to the terms of the Agreement as modified by the Addendum.

h. Defendant Birach made representations of material fact to Plaintiff concerning his position as an officer and director of each of the Defendant corporations and that he had the authority to bind each of those Defendants to the terms of the Agreement as modified by the Addendum that were false when made.

    i. Defendant Birach knew that the false representations of material fact were false when he made them.

    j. Defendant Birach intended that Plaintiff rely on the false representations of material fact set forth herein.

    k. Plaintiff actually did rely to his detriment on the false representations of material fact made by Defendant Birach.

    l. Plaintiff suffered damage as a direct and proximate result of the false representations of material fact made by Defendant Birach.

5. After Defendant failed to file an answer Plaintiff's Complaint, on or about October 10, 2010, the Loudoun County Circuit Court entered an order granting default judgment to Plaintiff against Defendant Sima Birach, Jr., on Plaintiff's claim for Fraud against Defendant Birach

6. On November 2, 2010, that Court entered an order awarding Plaintiff judgment on his Fraud claim in the amount of Ten Million Two Hundred Twenty Thousand Dollars ($10,220,000.00) plus attorneys' fees in the amount of Two Million Five Hundred Fifty Five Thousand Dollars ($2,550,000.00) plus interest on both amounts.

7. The total amount that Defendant owes Plaintiff pursuant to the orders of the Loudoun County Circuit Court is Twelve Million Seven Hundred Seventy Thousand Dollars ($12,770,000.00), plus interest (the "Judgment Amount").

8. Defendant has failed to pay any portion of the Judgment Amount.

9. The Judgment Amount is a "debt" that Defendant seeks to have discharged through the instant action.

10. The Judgment Amount, plus the interest accruing thereon, is non-dischargeable under Section 523(a) and other relevant sections of the Bankruptcy Code.

WHEREFORE, Plaintiff hereby objects to he discharge of any debt of Defendant, Sima Birach, Jr., owed to Plaintiff pursuant to the orders entered in the Fraud Action in Loudoun County, Virginia, and prays that the Court determine that the Judgment Amount, i.e., the "debt" sought to be discharged by Defendant in this Action, is non-dischargeable and that Plaintiff has such other relief as is just, including reasonable attorneys' fees and other costs of this action.

Dated: August 15, 2011

                                        Respectfully Submitted,
                                        Tod Castleberry
                                        By Counsel,

                                        _____
                                        James P. Hodges
                                        Hodges & Associates, P.C.
                                        11325 Random Hills Road, Suite 400,
                                        Fairfax, Virginia 22030
                                        (703) 779-5700
                                        (703) 779-0200 (fax)
                                        Bar # 33353

# EXHIBIT 1

**VIRGINIA:**
        IN THE CIRCUIT COURT OF LOUDOUN COUNTY

---

| | |
|---|---|
| **TOD CASTLEBERRY**<br>   307 South King Street<br>   Leesburg, Virginia 20175,<br><br>       Plaintiff,<br><br>v.<br><br>**BIRACH BROADCASTING CORPORATION**<br>   Serve:<br>   Registered Agent: George Leroy Moran<br>   4041 University Drive, Suite 301<br>   Fairfax, Virginia 22030<br><br>**TWIN STAR BROADCASTING CORPORATION**<br>   Serve:<br>   Registered Agent: George Leroy Moran<br>   4041 University Drive, Suite 301<br>   Fairfax, Virginia 22030<br><br>**TWIN STAR HOLDINGS, INC.,**<br>   Serve:<br>   Registered Agent: George Leroy Moran<br>   4041 University Drive, Suite 301<br>   Fairfax, Virginia 22030<br><br>   And<br><br>**SIMA BIRACH, JR.,**<br>   9668 Maymont Drive<br>   Vienna, VA 22182,<br><br>       Defendants. | Case No. _CL 59830-00_ |

## COMPLAINT

COMES NOW the Plaintiff, Tod Castleberry, by counsel, James P. Hodges, Esquire, and files this Complaint for Breach of Contract against Defendants Birach Broadcasting Corporation

("BBC"), Sima Birach, Jr. ("Birach"), Twin Star Holdings, Inc. ("Twin Star Holdings"), and Twin Star Broadcasting Corporation ("Twin Star Broadcasting").

## THE PARTIES

1. Plaintiff, Tod Castleberry, is a resident of the Commonwealth of Virginia who resides at 307 South King Street, Leesburg, Virginia 20175. Plaintiff has been employed as an executive in the radio broadcasting business for over 20 years.

2. Upon information and belief, the Defendant, Birach Broadcasting is a corporation with its principal office located at 1700 Northwestern Highway, Tower 14, Suite 1190, Southfield, MI 48075, and doing business and with an office in Virginia located at 3975 Fair Ridge Drive, Suite 200N, Fairfax, Virginia 22033.

3. Upon information and belief, Defendant, Twin Star Broadcasting is a Virginia corporation with its principal office located at 3975 Fair Ridge Drive, Suite 200N, Fairfax, Virginia 22033. Upon information and belief, Defendant Twin Star Broadcasting is the alter ego of Birach Broadcasting and Birach.

4. Upon information and belief, Defendant, Twin Star Holdings is a Virginia corporation with its principal office located at 3975 Fair Ridge Drive, Suite 200N, Fairfax, Virginia 22033. Upon information and belief, Defendant Twin Star Broadcasting is the alter ego of Birach Broadcasting and Birach.

5. Upon information and belief, Defendant, Sima Birach, Jr., is a resident of the Commonwealth of Virginia with an address of 9668 Maymont Drive, Vienna, Virginia 22182.

## RELEVANT FACTS

6. On or about January 1, 2008, Defendant Birach recruited Plaintiff to leave his then current position to become the Chief Operating Officer of Twin Star Broadcasting. At that time, the parties executed an employment agreement under which Plaintiff would receive a base

annual salary of $400,000.00 as well as other compensation and benefits for a term of three years (the "Agreement"). Exhibit 1.

7. Plaintiff began his employment with Defendant Twin Star Broadcasting but, soon after, Defendant Twin Star Broadcasting stopped paying Plaintiff's salary. Despite not receiving the compensation called for under the Agreement, Plaintiff continued to work for Defendant Twin Star Broadcasting in reliance on the promises of Defendant Birach and that he would be paid all that was due under the Agreement, as well as additional consideration for his continued efforts on behalf of the Defendant Twin Star Broadcasting.

8. On or about February 11, 2009, Plaintiff and the Defendants reached an agreement to modify the Agreement through an addendum of that same date (the "Addendum"). Under the terms of the Addendum, the Agreement was modified to provide that Plaintiff's salary was increased to $600,000.00 per year for four years, his benefits were increased, and he was granted shares in Birach Broadcasting.

9. In the Addendum, Defendant Birach, on behalf of Defendant Twin Star Broadcasting, Defendant Twin Star Holdings, and Defendant Birach Broadcasting acknowledged, among other things, that 1) Defendant Twin Star Broadcasting was in default of its obligations under the Agreement, 2) that Plaintiff continued to devote his time and energy to Defendant Twin Star Broadcasting despite that company's default on its obligations, 3) that Defendant Twin Star Broadcasting and Defendant Twin Star Holdings are the alter egos of Defendant Birach Broadcasting, 4) that Defendant Twin Star Broadcasting, Defendant Twin Star Holdings, and Defendant Birach Broadcasting all were entering into the Agreement for the purpose of employing Plaintiff and guaranteeing the obligations to Plaintiff under the Agreement, and 5) that Defendant Birach was an officer and director of each of the Defendants and, on that basis, had the authority to act on behalf of each of the Defendants.

3

10. Plaintiff entered into the Addendum and continued the performance of his duties in reliance on the promises and representations made in the Agreement as modified by the Addendum.

11. Despite Plaintiff's continued performance of his obligations under the Agreement as modified by the Addendum, and his attempts to continue such performance even after Defendants refused to permit him to perform such obligations, Defendants refused to pay Plaintiff the salary and benefits required under the Agreement as modified by the Addendum.

12. Plaintiff has demanded that Defendants honor their obligations under the Agreement as modified by the Addendum but they refused.

13. Upon information and belief, Defendant Birach Broadcasting has denied that Defendant Birach was an officer and director of that company and, on that basis, it contends that he did not have the authority to bind Birach Broadcasting to the terms of the Agreement as modified by the Addendum.

## COUNT I – BREACH OF CONTRACT

14. Plaintiff restates the allegations set forth in Paragraphs 1 through 13 above as if fully set forth herein.

15. Based on the allegations set forth above, Plaintiff entered into an employment agreement with Defendants under Plaintiff provided services, under which each of the Defendants received the benefit of Plaintiff's work, and that was guaranteed by each of the Defendants.

16. Each of the Defendants failed to satisfy their obligations under the terms of the Agreement as modified by the Addendum and, thereby breached the terms of the Agreement.

17. Plaintiff suffered damages as a direct and proximate result of Defendants' breaches of the Agreement. The amount of damages suffered by Plaintiff is no less than the salary set forth in the Agreement as modified by the Addendum of $600,000.00 per year for four years, i.e.,

$2,400,000.00, plus the value of four weeks vacation per year, $185,000.00, plus the value of the other benefits set forth in the Agreement, plus the value of 15% of the outstanding shares of each of the Defendants Corporations including Defendant Birach Broadcasting.

WHEREFORE, Plaintiff Tod Castleberry requests that the Court enter judgment in his favor in an amount no less than $2,585,000.00 as set forth above plus the costs of this action including, but not limited to, reasonable counsel fees, and any other relief this Court deems just and equitable.

## COUNT II – FRAUD

18. Plaintiff restates the allegations set forth in Paragraphs 1 through 17 above as if fully set forth herein.

19. Defendant Birach made representations of material fact to Plaintiff concerning his position as an officer and director of each of the Defendant corporations and that he had the authority to bind each of those Defendants to the terms of the Agreement as modified by the Addendum that were false when made.

20. Defendant Birach knew that the false representations of material fact were false when he made them.

21. Defendant Birach intended that Plaintiff rely on the false representations of material fact set forth herein.

22. Plaintiff actually did rely to his detriment on the false representations of material fact made by Defendant Birach.

23. Plaintiff suffered damage as a direct and proximate result of the false representations of material fact made by Defendant Birach.

WHEREFORE, Plaintiff Tod Castleberry requests that the Court enter judgment in his favor in an amount no less than $2,585,000.00 in compensatory damages as set forth above, plus punitive

damages in an amount to be determined by the Court, plus the costs of this action including, but not limited to, reasonable counsel fees, and any other relief this Court deems just and equitable.

Dated: January 1, 2010

                                            Respectfully Submitted,
                                            Tod Castleberry
                                            By Counsel,

                                            /s/
                                          _____
                                          James P. Hodges
                                          Hodges & Associates, P.C.
                                          19415 Deerfield Avenue, Suite 316
                                          Leesburg, Virginia 20176
                                          (703) 779-5700
                                          (703) 779-0200 (fax)
                                          Bar # 33353

B104 (FORM 104) (08/07)                                                                                                                    EDVA

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Tod Castleberry | **DEFENDANTS**<br>Sima Birach, Jr. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>James P. Hodges<br>Hodges & Associates, P.C.<br>11325 Random Hills Road, Suite 400,<br>Fairfax, Virginia 22030 | **ATTORNEYS** (If Known)<br>Katherine Martell<br>10615 Judicial Drive<br>Suite 101<br>Fairfax, VA 22030 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Objection to Discharge and Complaint to Determine Dischargeability of Debt - Debt Arises ourt of Action for Fraud, for which Plaintiff obtained judgment in his favor against Defendant

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 12,770,000.00 plus interest |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Sima Birach, Jr. | BANKRUPTCY CASE NO.<br>11-13411-RGM ||
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Virginia | DIVISION OFFICE<br>Alexandria | NAME OF JUDGE<br>Hon. Robert G. Mayer |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* |||
| DATE<br>8/15/11 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>James P. Hodges ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys**. Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand**. Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.